# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| STANLEY JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-CV-234 JMB |
| JASON LEWIS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is *pro se* petitioner Stanley Johnson's application for writ of habeas corpus as well as his motion to proceed *in forma pauperis* in this matter. ECF Nos. 1, 2. Stanley Johnson (Missouri inmate no. 532402) is currently incarcerated at the Southeast Correctional Center ("SECC") in Charleston, Missouri. As discussed below, the Court has reviewed Johnson's filings and believes that this case, although styled as a habeas corpus action, is best interpreted as a civil rights case, brought pursuant to 42 U.S.C. § 1983. As such, Johnson will be directed to file an amended complaint on the Court-provided Prisoner Civil Rights Complaint form. Also, the Court will order that Johnson submit a certified prison account statement for consideration with his motion to proceed *in forma pauperis*.

### The Petition

On December 23, 2019, Johnson filed a form "Petition under 28 U.S.C. § 2254" which contains "N/A" in response to almost all of the questions. ECF No. 1. The only information provided in the petition is a claim for an "American Disability violation" at SECC. *Id.* at 5. Johnson states that on December 4, 2019, after being transferred to a new cell at SECC, he was not allowed to retrieve the "Hearing Impaired" sign that he hangs on his cell door from his old

cell. He then alleges that defendant Jason Lewis, the warden at SECC, tolerates hatred, racism against black inmates, and discrimination violations based on the Americans with Disabilities Act. Johnson seeks the following relief: "American Disability Act Rights restored back to me. Hearing impaired sign on cell door / ID card." *Id.* at 14.

## Motion to Proceed *In Forma Pauperis*

At the same time as his petition filing, Johnson submitted a form "Motion to Proceed In Forma Pauperis and Affidavit in Support – Habeas Cases." ECF No. 2. On that form, Johnson states that he is not employed and he has had no income in the last twelve (12) months. Under the Court's Local Rule 2.05(A), the Court may require the submission of additional information when *in forma pauperis* status is sought from the Court. For example, the Court's form "Application to Proceed without Prepayment of Fees or Costs" – which is usually submitted by prisoner plaintiffs filing civil rights complaints under 42 U.S.C. § 1983 – states that if a plaintiff is incarcerated and he has a prison account at the institution at which he is being held, he is required to submit a certified prison account statement with his motion to proceed *in forma pauperis*. This prison account statement is needed by the Court in order to calculate a plaintiff's initial partial filing fee amount. *See* 28 U.S.C. § 1915(b)(1).

## Background

A review of the Court's own records indicates that Stanley Johnson (Missouri inmate no. 532402) filed a previous petition for writ of habeas corpus under 28 U.S.C. § 2254 with this Court on October 3, 2013. *See Johnson v. Wallace*, No. 4:13-CV-1994-JMB (E.D. Mo. 2013). Johnson's petition in that matter was challenging a 2009 Missouri state court conviction for first degree murder and forcible rape. Johnson's petition for relief was dismissed as untimely on February 26, 2016, and he did not file an appeal.

## Discussion

Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. But these statutes differ in both scope and operation.

Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, challenges involving the circumstances of confinement, or how one ended up in confinement, may be presented in a § 1983 action. Often, the Court looks to the relief requested by plaintiff to see what type of action he is seeking. If plaintiff is seeking money damages for civil rights violations relating to his conditions of confinement, the case is most likely a § 1983 action. However, if plaintiff is seeking to expunge or vacate his conviction, the action is most likely one brought pursuant to habeas corpus, or § 2254.

In this case, Johnson seeks the return of the 'Hearing Impaired' sign that he hangs on his cell door at SECC. He does not challenge the validity or duration of his confinement; instead, he complains about a condition of confinement. As such, this matter is more properly brought as a civil rights action.[1]

The Court will order Johnson to amend his complaint on a court-provided Prisoner Civil Rights Complaint Form and, assuming he maintains an account at SECC, produce a certified prisoner account statement. After Johnson complies with the aforementioned, he will be assessed

---

[1] The Court also notes that because Johnson has already filed a § 2254 petition, as discussed above, any future § 2254 petitions challenging the same conviction are subject to restrictions on filing second or successive motions. That is, a petitioner is not permitted to bring a second or successive § 2254 motion unless the United States Court of Appeals for the Eighth Circuit certifies that the second or successive motion meets the requirements set forth in 28 U.S.C. § 2244(b)(3)(A).

an initial partial filing fee based on his ability to pay a portion of the filing fee and this case will be reviewed pursuant to 28 U.S.C.§ 1915 for frivolousness, maliciousness, and for failure to state a claim.

Plaintiff shall have thirty (30) days from the date of this Order to file his amended complaint. Plaintiff is warned that the filing of the amended complaint **completely replaces** the original filing, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file his amended complaint within thirty (30) days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to petitioner a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that petitioner shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that, if petitioner maintains a prison account at SECC, he shall file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint, within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this 31st day of December, 2019.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE